HEARD APRIL TERM, 1872.

## EX PARTE DE HAY.

On and before the 9th of March, 1872, Fairfield County formed part of the Fourth Judicial Circuit, and its Courts of Sessions were required to be holden on the 2d Mondays of March, July and November. By an Act of that date it was annexed to the Sixth Judicial Circuit, and its Courts of Sessions required to be holden on the 1st Mondays of April, August and December. On the 2d Monday of March, 1872, being the 11th day of the month, the Judge of the Fourth Circuit opened the Court. H was indicted for escape, tried and convicted, and at a Court holden on the 1st Monday of April of the same year, by the Judge of the Sixth Circuit, he was sentenced to ten years' confinement in the Penitentiary, where he was now detained in virtue of the supposed sentence : *Held*, on *habeas corpus*, that the whole proceeding was without authority of law and void, and H was ordered to be restored to the custody of the Sheriff of Fairfield County, to be by him safely kept until duly discharged.

Unless it be otherwise provided by law, an Act takes effect from the time of its passage.

From the time of the passage of the Act of the 9th of March, 1872, it constituted the only law under which the Courts of Fairfield County could be held.

The proceedings of a Circuit Court, held by the Judge of another Circuit, at a time unauthorized by law, are void.

Petition by Theodore De Hay, to the Supreme Court, for a writ of *habeas corpus*, to be directed to the Superintendent of the Penitentiary. The writ was issued and the case heard upon the petition and return. The facts are stated in the opinion of the Court.

*C. D. Melton*, for petitioner.

*Chamberlain*, Attorney General, contra.

Sept. 20, 1872. The opinion of the Court was delivered by

MOSES, C. J. It appears that under the provisions of the General Statutes, (p. 519,) the Judge of the Fourth Circuit commenced the term of the Court of Sessions for the County of Fairfield at Winnsboro, on the second Monday of March, 1872, it being the eleventh day of that month. The grand jury, which had in due form been summoned by a *venire*, was organized, and presented a bill against the prisoner, Theodore De Hay, for an escape, on which he was tried and convicted. Sentence not having been imposed before the adjournment, it was passed upon him by Judge Thomas, at a Court of Sessions held by him for the same County, on the first Monday in April succeeding, committing him to the Penitentiary for the term of ten years, and he now seeks a discharge by writ of *habeas corpus*, averring that the supposed judgment and the proceedings at the term of his alleged trial and conviction, were without warrant of law and void.

By the 17th Section of the Code of Procedure, (General Statutes, 519,) the County of Fairfield was placed in the Fourth Circuit, and by the 21st Section, the Court of Sessions for the said County was required to be held at Winnsboro, on the second Monday of March, July and November. By the Act of March 9, 1872, (15 Stat., 146,) entitled "An Act to amend sundry Sections of the Code of Procedure relating to the Circuit Courts," it was declared that Fairfield County should constitute part of the Sixth Circuit, and that the Court of Sessions for the said County should be held on the first Monday of April, August and December, and that all writs and processes then already issued, returnable to the Courts according to the laws heretofore of force, shall be legal and valid for the Courts to be held according to the provisions of said Act, and all persons summoned, or to be summoned as jurors, witnesses, or bound or to be bound by recognizance to appear at any of said Courts, according to laws heretofore of force, shall appear at the Courts to be held according to the provisions of this Act.

Unless the time when a statute is to take effect is fixed by some constitutional or legislative requirement, it has validity from the moment of its passage. This is the accepted rule too long recognized to be questioned.—*Arnold* vs. *United States,* 9 Cranch, 119; *Mathews* vs. *Zane,* 7 Wheat., 217; *State* vs. *The Banks,* 12 Rich., 616; 1 Kent, 458. The Act, therefore, of 9th March, 1872, was the only one after its passage in force, under which the Court of General Sessions for said County could be held, unless, as is contended, "that the old Act being repealed by *implication,* must be allowed to operate until it comes in conflict with the Act of March 9, 1872, by some term prescribed by the latter Act coming on in the County."

A statute can only be repealed by implication to the extent of its repugnancy, or so far as the provisions of the old statute are incompatable with the new, and is never held repealed unless the repugnancy is plain and unavoidable, or unless the later Act takes some notice of the former, plainly indicating an intention to abrogate it. These are but conclusions from authorities so well known that they need not be referred to. To reconcile the Acts in question would test the never-ceasing exertions of human ingenuity, without avail. To say nothing of the title of the Act of March, 1872, the whole scope and effect of all its provisions in relation to writs and processes issued, and jurors and witnesses summoned, "according to

the laws heretofore of force," shew the intention of repeal too strong to be resisted.

The Act does not necessarily involve "absurd consequences or those against common reason ;" in fact, it might not be very unreasonable to suppose that a statute, passed on the 9th of the month, affecting the sitting of a Court, to be held at a Court House, only thirty miles distant from the capitol, should not be known at the County seat in which it was located, by the eleventh, for if then known, the presumption is that the Court would not be called.

There is nothing in any of the Sections of the Act to shew that it was not to go into operation until one term should be held as directed by it. A contrary intent is plain upon the face of it. It changed the composition of all the Circuits but two, and as to Fairfield County, transferred it from the Fourth to the Sixth. If it be not adjudged to supersede the direction of the Code in the particular under consideration, then Fairfield was to be at the same time both in the Fourth and the Sixth Circuits. If the two Acts were of force, Fairfield would have six instead of three terms, half of which would be held by the Judge of the Fourth Circuit, and the other half by the Judge of the Sixth. The two enactments as to Fairfield County cannot stand. The one absolutely destroys the other. They cannot be reconciled, for the repugnancy is too manifest.

It was claimed, in the argument, that the General Statutes (which includes the Code of Procedure) are inoperative, because Section 2 of Chapter 146 declares " that they shall take effect and go into operation from and after the ————— day of ————," the blanks never having been filled. If there were force in the proposition, we do not perceive how it could change our conclusion, for if the Code is repealed, the Act of March 9, 1872, would yet remain—for its terms, as to change in the time of the sitting of the Court for Fairfield, are direct, positive and mandatory ; and, besides this, the title of the Act shows that the Code of Procedure, in the contemplation of the Legislature, remained of force. But there is nothing in the proposition, unless we can hold that the clause—to which no effect can be given, because it is incomplete, senseless and unmeaning—can control and supersede the direct and positive enactment of February 10, 1872, (15 Stat., 37,) adopting the General Statutes of the State of South Carolina, prepared, &c., as the Statutes of the said State.

But suppose it was conceded, for the sake of the argument, that the General Statutes (in which the Code is embraced) were not of

force, how would that avail the argument, when the authority to hold the term for Fairfield on 2d Monday in March is derived from it?

By the 13th Section of the 4th Article of the Constitution it is provided, "that the State shall be divided into convenient Circuits, and for each Circuit a Judge shall be elected by the joint ballot of the General Assembly." The 18th Section of the same Article declares, that the Court of General Sessions "shall sit in each County three times in each year, at such stated times and places as the General Assembly may direct." It, therefore, cannot, by right, sit at any time but that fixed by the Legislature, except in extra or special session; and it was not pretended that it was so held on 2d Monday in March, 1872. If the individuals who happen to be officers of the Court, meet at a time when the Court is not required or allowed to sit, and organize themselves as the Court, with the usual machinery and ceremony attending it, their acts would be without legal force, and as much void as those of any other persons of the County who may meet to pass upon the rights and privileges of their fellow-citizens. They are void because they are without the elements which alone give validity to law, right and power. A principle so plain needs no authority to sustain it, but if it is required, *Brumley* vs. *The State*, 20 Ark., 77, was referred to in the argument as ruling, "that the meeting together of the Judge and officers of the Circuit Court at the place, but not at the time fixed by law for holding the Court, is not a Court under our laws, and their acts, as such, must be regarded as *coran non judice*."

The whole proceeding, therefore, by which the prisoner has been convicted, is without legal authority, and there was no verdict by any jury which authorized the sentence imposed by the Circuit Judge.

While, however, we hold that the prisoner is not liable to detention by the Superintendent of the Penitentiary, under the supposed sentence, we cannot, consistently with our duty, order his discharge. We find before us a prisoner charged with a serious offence, and transferred, without a trial by a competent jurisdiction, from the custody of the Sheriff to the Penitentiary. Under these circumstances, can we set him at large? He is out of the custody of the Sheriff without warrant of law, and all that we can properly do is to transfer him to the charge of the only officer who can by law hold him.

It is ordered that notice of this order be given forthwith by the Clerk of this Court, in writing, to the Sheriff of Fairfield County, who, within three days of its receipt, shall demand of, and receive from, the Superintendent of the State Penitentiary, the prisoner, Theodore De Hay, and him safely keep, until duly discharged, and the Superintendent aforesaid shall, on such demand, transfer the said prisoner to such Sheriff.

*Wright*, A. J., concurred.

WILLARD, A. J. The return shows that the petitioner is held under sentence by the Court of General Sessions, that Court having jurisdiction of the offence with which he is charged by indictment, and of his person.

To entitle the petitioner to discharge, under *habeas corpus*, it must be made to appear that the judgment of the Court of General Sessions is void. If void, it is no authority for the detention of the petitioner, and he may be set at large by this writ.

If, on the other hand, the judgment is not void, but voidable, the proper remedy for the petitioner is, an appeal from the judgment. An appeal acts directly on the judgment. If a judgment, improperly rendered, is set aside, the case is opened for further proceedings in the Circuit Court, which may proceed to judgment, by due and orderly steps.

A discharge under this writ has not the same effect upon the judgment; it still stands as a formal obstacle, to be removed before the Circuit Court can proceed upon the indictment; it is merely its force and effect that is the subject of consideration in *habeas corpus*.

The ground alleged for treating the judgment as null and void is that there has been no due and legal conviction to authorize the Court to proceed to judgment. Although there was a conviction in form, yet it is alleged that the Court at which such conviction was had was convened at a term, and held by a Circuit Judge, not authorized by law.

It is not disputed that, at the time the judgment was rendered, the Court was duly convened and sitting. Upon the application of the State for sentence against the petitioner, the question, whether this had been a due conviction, was a pertinent question before the Circuit Court, and that Court had full jurisdiction and competency, and was bound to pass upon it. It must be assumed that the Court passed upon the question and determined, as matter of law, that the conviction was duly had.

If that determination was wrong, the wrong constituted an error of law, capable of being corrected in this Court on appeal.

To admit that the Circuit Court had authority to pass upon that question, and yet to hold that its action, based upon such determination, is void, and may be disregarded with impunity by those bound to execute the lawful orders of the Court, is a contradiction of the established principle governing the administration of justice.

That the writ of *habeas corpus* was not intended for any such purpose, is made clear by what is said in *ex parte Gilchrist*, (4 McC., 233.) The writ was intended to protect the citizen against the exercise of unlawful authority, and not to embarrass and confuse the exercise of judicial authority lodged in the hands of the superior Courts.

It is an established principle that when a superior Court has jurisdiction of the case, and of the person, its orders and judgments cannot be treated as nullities, but, if improper, must be set aside in a direct proceeding for that purpose, and not in any collateral proceeding.—*Ex parte Gilchrist*, 4 McC., 233 ; *People* vs. *Cavanaugh*, 2 Park. Cr. R., 650 ; Hurd, on Habeas Corpus, 334.

In *Rex* vs. *Carlisle*, (19 Eng. C. L., 450,) it was held that a discharge on *habeas corpus* was not the proper remedy, where it was alleged that the petitioner was held under the sentence of the Court, pronounced upon a conviction had before a Court not duly constituted under the law, but that the remedy was by writ of error. This is a clear authority in support of the view of the case here taken. I cannot concur in the discharge of the petitioner, but consider that he should be remanded to the custody from which he was taken by the writ.